IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY WHITE,  
                          Petitioner,

    v.

CAROL HOLINKA, Warden,

                          Respondent.

OPINION AND ORDER

09-cv-664-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Anthony White, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge an enhanced sentence that was imposed on him by the United States District Court for the Eastern District of Wisconsin. He has paid the $5 filing fee.

      Petitioner contends that his sentence should not have been enhanced for possession of a firearm because there was no evidence that he possessed a firearm or that he knew his co-conspirator possessed a firearm.

      I cannot consider the merits of petitioner's petition because he has not shown why § 2241 is the proper vehicle for bringing his claim. Ordinarily, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28

1

U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002). Further, a prisoner may not show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or because he has filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). Unthank v. Jett, 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate.")

Although petitioner indicates that his claim is one of "actual innocence," he does not attempt to identify any structural problem in § 2255 that prevented collateral review of his claims under that provision. Accordingly, I will give petitioner an opportunity to correct this defect in his petition. If he fails to do so, his petition will be dismissed.

ORDER

IT IS ORDERED that petitioner Anthony White may have until December 16, 2009, to supplement to his petition showing why a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of [petitioner's] detention." If petitioner fails to respond by December 16, 2009, I will deny the petition for his failure to show that he is in custody in violation of federal law.

Entered this 25th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge