IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY WHITE,

       Petitioner,

  v.

CAROL HOLINKA, Warden,

       Respondent.

OPINION AND ORDER

09-cv-664-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Petitioner Anthony White, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge an enhanced sentence for possession of a firearm by a co-conspirator, stemming out of his 1991 conviction in the United States District Court for the Eastern District of Wisconsin for drug related offenses. Petitioner argues that there was no evidence indicating that he would have foreseen that his co-conspirator possessed a firearm, and thus, his sentence enhancement is unconstitutional. On November 25, 2009, I told petitioner that I could not consider the merits of his petition because he had not shown why § 2241 was the proper vehicle for bringing his claim and I gave him an opportunity to supplement his petition. Now before the court is petitioner's supplemented petition. After reviewing his

1

petition, I conclude that petitioner is not entitled to relief and the petition must be dismissed.

DISCUSSION

Ordinarily, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). A § 2241 petition by a federal prisoner is limited generally to challenges to the execution of the sentence. Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998). However, a petition challenging the conviction may be brought pursuant to § 2241 when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e); Collins v. Holinka, 510 F.3d 666, 667 (7th Cir. 2007); Melton v. United States, 359 F.3d 855, 858 (7th Cir. 2004).

A motion under § 2255 is "inadequate or ineffective to test the legality of [the] detention" when "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002); see also In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a

2

nonexistent offense."). The Court of Appeals for the Seventh Circuit has explained that a claim of actual innocence exists when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." Kramer v. Olson, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the conduct he was charged with is no longer a crime. Instead, petitioner contends that his enhanced sentence is unconstitutional under the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2003). Petitioner contends that he was sentenced under the sentencing guidelines even though the jury did not find the facts relevant to his sentence enhancement beyond a reasonable doubt. In Booker, the court held that the sentencing guidelines were merely advisory and that defendants have a right to a jury trial on any disputed fact that increases a mandatory punishment. Petitioner argues that he is entitled to argue Booker through a petition for habeas relief pursuant to § 2241 because when he filed his direct appeal and motion for post conviction relief under § 2255, Booker had not been decided.

Petitioner is not making a claim of actual innocence. He is not contending that he is innocent of the underlying crime or that Booker decriminalized the offenses under which he was convicted. He says only that his sentence is too high, but this differs from a claim that he is innocent of the crime of which he was convicted. Unthank v. Jett, 549 F.3d 534, 536 (7th Cir. 2008); Hope v. United States, 108 F.3d 119, 120 (7th Cir. 1997).

3

In addition, <u>Booker</u> does not apply retroactively to convictions that were final prior to the date of the decision in 2005. <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005); <u>see also</u> <u>United States v. Paladino</u>, 401 F.3d 471, 481 (7th Cir. 2005). Despite petitioner's arguments to the contrary, every circuit court agrees that <u>Booker</u> is not retroactive. <u>E.g.</u>, <u>Guzman v. United States</u>, 404 F.3d 139, 143-44 (2d Cir. 2005); <u>Lloyd v. United States</u>, 407 F.3d 608, 614 (3d Cir. 2005); <u>United States v. Morris</u>, 429 F.3d 65, 66-67 (4th Cir. 2005); <u>Padilla v. United States</u>, 416 F.3d 424, 427 (5th Cir. 2005); <u>Valentine v. United States</u>, 488 F.3d 325, 330 (6th Cir. 2007); <u>Never Misses A Shot v. United States</u>, 413 F.3d 781, 783 (8th Cir. 2005); <u>United States v. Cruz</u>, 423 F.3d 1119, 1120 (9th Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844, 845 (10th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005). Therefore, <u>Booker</u> does not support petitioner's argument that § 2255 is inadequate or ineffective to test the legality of his detention. Because petitioner has not established that § 2241 is the proper vehicle for bringing his claim, his petition must be dismissed.

ORDER

IT IS ORDERED that Anthony White's petition for a writ of habeas corpus under

4

28 U.S.C. § 2241 is DISMISSED.

Entered this 4th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge